Sobiran Abdul KARIM;  Rohani
Rohani, Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–70004.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed May 30, 2008.

Robert G. Ryan, Law Offices of Eugene
C. Wong, Inc., San Francisco, CA, for
Petitioners.

Kevin J. Conway, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL *, District Judge.

## MEMORANDUM **

■ Substantial evidence supported the IJ's determination that Karim and Rohani are statutorily ineligible for asylum. First, the record does not compel the conclusion that the February 1999, March 2000, and November 2000 incidents were past persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1). Each of these incidents is amenable to the interpretation that Karim was being targeted for reasons other than his ethnicity or religion.

Second, the record does not compel the conclusion that Karim and Rohani have established a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). Applying disfavored group analysis as articulated in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004), we conclude that Karim and Rohani have not demonstrated the "comparatively low level of individualized risk in order to prove that [they have] a well-founded fear of future persecution" on account of a protected ground. *Id.* at 927 (internal quotation marks omitted). The February 1999, March 2000, and November 2000 incidents are insufficient to establish an individualized risk because the record does not compel the conclusion that these incidents were on account of Karim's ethnicity, religion, or other protected ground. Likewise, Rohani's experiences in Jakarta in 1998 do not compel the conclusion that she faced an "individualized risk" on account of her ethnicity, religion, or other protected ground. *Id.*

Nor can Karim and Rohani establish eligibility for asylum based on a pattern or practice of persecution against similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii). The record does not compel the conclusion that the ethnic and religious strife in Indonesia during the time period at issue amounts to a pattern or practice of persecution against ethnic Chinese Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc).

■ In sum, we conclude that substantial evidence supported the IJ's determination that Karim and Rohani are statutorily ineligible for asylum. Because the eligibility standard for withholding of removal is more stringent than the eligibility standard for asylum, *see Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004), we also conclude that substantial evidence supported the IJ's determination that Karim and Rohani are ineligible for withholding of removal. Because we conclude that substantial evidence supported the IJ's determination that Karim and Rohani are statutorily ineligible for asylum, we do not reach the co-petitioners' arguments relating to the discretionary asylum analysis.

■ Next, Karim and Rohani contend that they are eligible for relief under the Convention Against Torture (CAT). Substantial evidence supported the IJ's deter-

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mination that Karim and Rohani are ineligible for CAT relief. The abuse that Karim received at the hands of the GAM did not take place "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Moreover, the GAM is a regional organization focused in Aceh, and Karim and Rohani have not shouldered their "burden of presenting evidence to show that internal relocation is not a possibility." *Hasan v. Ashcroft*, 380 F.3d 1114, 1123 (9th Cir. 2004). The record does not compel the conclusion that Karim and Rohani are more likely than not to be tortured if returned to Indonesia. *See* 8 C.F.R. § 208.16(c)(2).

■ Finally, Karim and Rohani allege that the IJ erred as a procedural matter by failing to adequately consider some of their evidence. Claims that the IJ erred by failing to consider evidence are generally reviewed as due process challenges. *See, e.g., Almaghzar v. Gonzales*, 457 F.3d 915, 921–22 (9th Cir.2006). We do not have jurisdiction to consider this issue because it was not exhausted before the BIA. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir.2004).

**Petition Dismissed in Part and Denied in Part.**